BEVERLY J. ROOSEVELT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roosevelt v. Commissioner
Docket No. 5111-94.
United States Tax Court
T.C. Memo 1995-430; 1995 Tax Ct. Memo LEXIS 428; 70 T.C.M. (CCH) 612; September 5, 1995, Filed *428 Decision will be entered for respondent for the deficiencies and for petitioner for the accuracy-related penalties. Beverly J. Roosevelt, pro se. Ronald M. Rosen, for respondent. NAMEROFF, Special Trial Judge NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined deficiencies in petitioner's 1990 and 1991 Federal income taxes in the amounts of $ 3,903 and $ 3,323, respectively. Respondent also determined that petitioner was liable for the accuracy-related penalty under section 6662(a) for those years in the amounts of $ 781 and $ 665, respectively. The sole issue for decision is whether payments received by petitioner from her former husband constituted alimony as defined by section 71. [2] The parties submitted this case *429 fully stipulated, and the stipulated facts are so found. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition, petitioner resided in Glendora, California. Petitioner, an accountant, was formerly married to T. Steven Roosevelt (Mr. Roosevelt). Two children, Theodore Kevin Roosevelt and Alexis Ann Roosevelt, were born of the marriage. Pursuant to the divorce judgment and order (the divorce judgment) executed and entered on November 4, 1981, by the Superior Court of the County of Los Angeles, Mr. Roosevelt was ordered to pay petitioner as and for unallocated family allowance and support, the sum of $ 2,700.00 per month, * * * commencing October 1, 1980, and continuing at said rate for forty- two (42) months, after which said family allowance and support shall be reduced to $ 2,000.00 per month, * * * continuing at *430 said rate until [petitioner's] remarriage, death of either party or further order of Court, whichever shall first occur.
In the event that the family allowance and support ceased by operation of law or further order of the court, the divorce judgment provided that Mr. Roosevelt was to pay petitioner "as and for child support * * * the sum of $ 700.00 per child, per month, for a total of $ 1,400.00 per month" until each child "reaches the age of majority, marries, becomes emancipated, or by further order of the Court, whichever shall first occur." During 1990, petitioner received $ 23,000 from Mr. Roosevelt. On her Form 1040 for taxable year 1990, petitioner reported alimony received in the amount of $ 6,200. During 1991, petitioner received $ 25,000 from Mr. Roosevelt. On her Form 1040 for taxable year 1991, petitioner reported alimony received in the amount of $ 7,200. Petitioner contends that $ 16,800 received in each year represents nontaxable child support payments in the amount of $ 700 per child per month. Respondent contends that the entire amounts of $ 23,000 and $ 25,000 for the taxable years 1990 and 1991, respectively, represent taxable alimony. The parties agreed *431 in the Supplemental Stipulation of Facts that if the Court found that $ 16,800 received each year represented child support, then petitioner received taxable alimony of $ 6,200 in 1990 and $ 8,200 in 1991. The parties also agreed that if the Court finds that $ 16,800 received each year was not child support, petitioner received taxable alimony of $ 23,000 in 1990 and $ 25,000 in 1991. Petitioner bears the burden of proving that respondent's determinations are erroneous. Rule 142(a). Pursuant to section 71(a)(1), as in effect for 1981, the year in which the divorce judgment was entered into, gross income includes amounts received as alimony or separate maintenance payments. However, section 71(b) provides as follows: SEC. 71(b). Payments to Support Minor Children. -- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *
The word "fix", as used in section 71(b), has been interpreted to mean that in order for child support to be excluded from gross income, the allocations to *432 child support must be specifically designated in a written agreement and "not left to determination by inference or conjecture." Commissioner v. Lester, 366 U.S. 299, 306 (1961). The regulations further provide that if periodic payments are received by the wife for the support and maintenance of herself and of minor children, without a specific designation of the portion for support of such children, then the entire amount of the payment is includable in the income of the wife as provided in section 71(a). Sec. 1.71-1(e), Income Tax Regs.
Petitioner's principal argument is that section 71(c)(2) is applicable in the present situation. In essence, petitioner argues that section 22(k) of the Internal Revenue Code of 1939, the predecessor to section 71, controlled the result in Commissioner v. Lester, supra. Since the Internal Revenue Code of 1954 was amended to include section 71(c)(2), petitioner's argument continues, Lester was overruled and is inapplicable to the divorce judgment at issue. Accordingly, petitioner argues that the divorce judgment provides for the payment of $ 700 per child in the event of certain *433 contingencies. Thus, petitioner argues, the divorce judgment "fixes" child support as required by section 71(c)(2). However, petitioner's reliance on section 71(c)(2) is misplaced. In the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(a), 98 Stat. 494, 795-796, section 71 was amended by the addition of section 71(c), providing that the terms of a divorce or separation agreement for the support of children will be "treated as an amount fixed as payable for the support of children" where any amount of the support payable in the instrument will be reduced, generally, on the happening of a contingency related to the child, such as the child's attaining a certain age, marrying, dying, or leaving school. The effect of section 71(c)(2) is to legislatively overrule the decision in Lester. Gable v. Commissioner, T.C. Memo. 1985-423. However, section 71(c)(2) is applicable for decrees or separation agreements made or in certain respects modified after 1984. In this case, the divorce judgment was issued during 1981 and was not modified after 1984; therefore, section 71(c)(2) is inapplicable. Section 71, as in effect prior to 1984, and the case *434 law interpreting this section, including Lester, control the result in this case. See Mass v. Commissioner, 81 T.C. 112, 122-123 (1983); Blakey v. Commissioner, 78 T.C. 963, 970-972 (1982). Thus, petitioner's argument must fail. Petitioner asks us to infer from the language of the divorce judgment that $ 1,400 of the monthly payment represents child support and is excludable from her gross income. This approach was rejected by the Supreme Court in Lester and by this Court on many occasions. See Mass v. Commissioner, supra; Blakey v. Commissioner, supra; Libman v. Commissioner, T.C. Memo. 1990-629. The divorce judgment provides for an unallocated family allowance of $ 2,700 per month, subsequently reduced to $ 2,000 per month. No portion of either of these amounts is specifically designated as child support. In order to satisfy the requirements of section 71(b), the amount of child support must be fixed by the separation or divorce agreement. "We have repeatedly refused to allow inference, intent, or other nonspecific *435 designation of payments as child support to override the clear rule of section 71(b)." Mass v. Commissioner, supra at 123. Based upon the record presented, we must conclude that the divorce agreement does not "fix" any amount of the monthly payment as child support. Accordingly, we sustain respondent on this issue. [3]
Decision will be entered for respondent for the deficiencies and for petitioner for the accuracy-related penalties. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that petitioner was not liable for the accuracy-related penalty.↩
3. We note that petitioner argued on brief that respondent has taken inconsistent positions with regard to the treatment of petitioner and Mr. Roosevelt. To support this argument, petitioner attached two letters from Mr. Roosevelt to her brief. Statements in briefs do not constitute evidence. Rule 143(b). The exhibits attached to petitioner's brief, which are not part of the stipulation of facts, are not admitted into evidence and are not a part of the record. However, even if we did consider these exhibits, our decision would remain the same.↩